Let's move to the third and final case of the day, which is State Farm v. Carapella. State Farm v. Dawn Carapella We're joined by Mr. Dunham for the appellant, Ms. Lim for the appellee. Mr. Dunham, whenever you're settled and ready to go. No hurry. Good morning, Your Honors. I'm Douglas Dunham. I'm representing State Farm in this matter. This case presents for the Court issues of basic fairness in the application of the automatic stay. State Farm's motions at issue are purely defensive. They don't seek damages or costs, and they don't assert a cause of action against the debtor. Can I ask you a question just as we get going? Because I guess I have been viewing this as just a straightforward statutory interpretation question. And I just don't see anything about offensive, defensive in the stay provision. And I was just wondering if you could sort of help me just as we sort of work our way through the statute. Sure. I assume that you concede statute applies to all entities, right? On its face, the statute applies to applicable to all entities, right? So State Farm is an all entity, right? So we're good there. Check. It applies to judicial, we can just say dot, dot, dot, or other actions or proceedings against the debtor, right? The wrongful death action, you can see, was an action against the debtor, right? Okay. Check, I think. Then it applies to those that would either commence or continue that action. Why wouldn't the motion to vacate continue the wrongful death action? It would be, I think you may want to look at it a little differently. Because there is, recognized by this court and many other courts, a distinction. You have to look at the particular proceeding or motion at issue, not at the overall nature of the case. So what in the statute says that I should be looking at the motion? I mean, I just see that it says the continuation. I'm talking about other action or proceeding against the debtor. Right, which I guess I took to mean the wrongful death action. Because it says that was or could have been commenced before the commencement of the bankruptcy case. So we're referring to the wrongful death action. What we're talking about, I think, is the problem with a stay here is that we're seeking to challenge a judgment, the underlying judgment against the insured that is conditioned precedent to the trustee's bad faith lawsuit against State Farm. We are precluded from taking that defensive action by the stay. But why are you precluded? I mean, what's prohibiting you from . . . We do not . . . that could not . . . I mean, the federal court is not in a position to invalidate the underlying state court judgment. That would raise all kinds of problems with the settlement. Well, but I don't think you let Judge Lidoa finish her question. That's okay. No, no, no, please. No, I don't even know your question. You didn't get it all the way out. What precludes you from raising the argument you're making now in the bad faith action? At least that would be my, the end of Judge Lidoa's question. We do not have . . . under Florida law, there is a prescribed procedure for how you invalidate a judgment. What you have to do is you go to the action in which it was entered, and you make a motion to intervene, which is essential, according to the Carlisle case that we've cited, and everything decided by one of the Florida District Courts of Appeal. It is essential to make you a party of that case for purposes of challenging the validity of the judgment. And once you are, if you're allowed to intervene in the case, then you are able to challenge the validity of the underlying judgment. And in this case, it's our position, for the reasons we've described in our brief, that the judgment that was entered in that case is void. It is void because it was entered on a Fifth Amendment complaint that was filed four years after the judge had given the hotels a period of 20 days in which to file it. Instead, they wait four years to file it. And when they file it, they file it without leave of court or any other authorization. And under Florida law, as held in the Starvest case that we cite and the Fusilier case that we cite, a complaint that is filed without, an amended complaint that is filed without authorization is a nullity. And therefore, would be void, and we would be able to have it declared void. Now, we are not able in the bad faith action to make that challenge. The judge in the bad faith action recently ruled that State Farm lacked standing to challenge the underlying judgment in the context of the bad faith action. And under Florida procedure, as articulated in the Carlisle case, the Great American Insurance Company v. Bebas case, the Ted Satter case, which is where U.S. Fire Insurance Company is the lead party, in all of those cases, the required procedure is that the insurer must go to the court that issued the judgment and intervene before it can move to vacate. Isn't this the risk that State Farm took when it was initially involved in the wrongful death suit and State Farm was initially providing a defense and then it withdrew from the case after it obtained the declaratory judgment that it owed no duty to defend or indemnify the insured? By leaving that case voluntarily with that, isn't this the risk that State Farm took that there may not be an opportunity to come in and challenge whatever the judgment is in that case later? I don't think that was the expectation at all, Your Honor, because there is this established procedure in Florida. State Farm did provide defense to this game for reservation of rights. It did have a lawyer who represented her. The declaratory judgment motions, as you asked, were raised and made and were ultimately granted. After that, State Farm's lawyer did withdraw from the case. But I don't think that deprived State Farm of the opportunity to defend itself and not be precluded by a bankruptcy stay when it is defending itself, it wants to defend itself in the context of the bad faith action. That is the requirement in the bad faith action in Florida, is that you cannot – there is one other thing also. We could not have, for instance, done the intervention or anything or would not be in a position to do that. We could have commenced those motions before the filing of the bankruptcy because the bad faith suit was after the filing of the bankruptcy and the filing of the bad faith suit is a precondition to our having standing in the underlying action in order to intervene. We were in a position where – we're now in a position where I think it's undisputed that under Florida law, the requirement of excess judgment against the insured is essential for there to be a bad faith lawsuit. And we need to be able – we're entitled to and defend ourselves against that lawsuit. This judgment, as it was entered, it's a default judgment entered on the Fifth Amendment complaint that was submitted four years after the other side was given 20 days in which to file it. The allegations against Ms. Gamey are exactly the same. The Fourth Amendment complaint and the Fifth Amendment complaint. We had made a motion to dismiss the Fourth Amendment complaint, which the hotels did not want to have to respond to. That was in the ground of parental immunity. And instead, they got 20 days' permission from the court and they did not file the Fifth Amendment complaint. Instead, they waited four years. And now, under this court's – under the broader sweep of the bankruptcy law, I mean, there is a well-recognized principle of fundamental fairness that gives a defendant that is facing a suit by a bankruptcy trustee or debtor the right to defend itself. And that's very important. And I'll refer you respectively to the Thomas v. Blue Cross Blue Shield case, which is a decision by this court. We've cited it in our brief, in the opening brief and reply brief. And in that case, this court held that an insurer defending itself from counterclaims asserted by a debtor in North Carolina, in a North Carolina bankruptcy case, could properly move in a Florida district court for a ruling that the debtor's counterclaims were precluded by a class settlement in the Florida court. And the court specifically – this court specifically held that the insurer was not – I would refer you to that. There were also very clear comments by this court in Thomas. Okay, I'll tell you what, before we range beyond Thomas, you're about a minute over, so if you don't mind just saving those for your rebuttal, that'd be great. Thank you so much. All right, Ms. Lim, you've got 15 minutes. May I please support? I'm Angelina Lim, and I represent the Chapter 7 trustee at Pelley in this appeal. We'll get to the chase, Your Honor. I just heard that State Farm says that they're unable to raise the validity of the underlying judgment as an element in the bad-faith case. And where's the bad-faith claim? The bad-faith claim is litigated in state court. Yes, the bad-faith claim is litigated in state court because – Is it in Hillsborough County? Yes, I believe it, yes. Both of them are in Hillsborough County. Well, Your Honor, that is not true because State Farm has indeed, in fact, raised the validity of the underlying judgment as a defense in the bad-faith action. And that case is still continuing to litigate, but they have clearly raised every defense that they wanted to, and they have in the bad-faith case. What was the piece, and I'm sorry if I should have understood this before, but for some reason it hit me for the first time when opposing counsel was talking. He said, I think something like the Florida court has determined that State Farm doesn't have standing to raise that defense in the bad-faith action. Does that mean in the context of the Hillsborough County litigation? Like there's been some recent ruling? As far as I can tell, there has been no recent ruling. My understanding of where the bad-faith action, and I apologize, Your Honor, I am a bankruptcy lawyer and obviously I'm not involved in the bad-faith action, but my understanding is that issue is still alive. The validity of the underlying action was raised, and in fact they did say that it was entered without due process to the debtor. And that issue is still alive in the bad-faith action. Would it matter, I guess, to what I take to be the antecedent statutory interpretation question? Let's assume that he's right, that the Hillsborough County Court has said, either as a result of this special procedure under Florida law or otherwise, that State Farm has no standing to challenge the wrongful death judgment in the bad-faith action. Does that change the interpretation of the stay provision of the bankruptcy code? No, it doesn't, Your Honor. I think they're conflating two issues. State Farm is saying that we don't have the standing to say that to vacate the judgment in the underlying tort action. But that's a very different issue than defending yourself in a bad-faith action and saying that judgment is not enforceable as to me because of these problems. And I believe that that is something that the bad-faith state court judge would consider. So a motion for relief from stay is a garden variety, everyday, commonplace motion that's seen every day and filed in almost every bankruptcy case. The creditor's rights are always impinged, right? For example, the mortgage company would say, I have a right statutorily as well as by contract to foreclose upon the debtor's house. Well, you're impinging upon my right to do so. But that is the whole purpose of the bankruptcy, right? It is to stay all actions so that the debtor can have breathing room or so that there is an orderly liquidation of the debtor's assets. So the fact that they have a right to intervene or whether they have a right or don't have a right is a little irrelevant as to whether the stay applies. And Judge Newsom, you're right. It is a matter of straightforward statutory interpretation. If they were to intervene and vacate the underlying tort action, then the debtor would be faced with another trial, a continuation, a very continuation of action against, a pre-petition action against the debtor. And that is stayed statutorily. The other reason why it's also stayed is because it's a little complicated because the Rotel's judgment that they obtained in the underlying tort action was really the basis for the involuntary filing that they made in the bankruptcy court and the basis for the bad faith action. So that really is kind of an asset of the bankruptcy estate. And under 362A3, that's also stayed because you're taking some action against property of the bankruptcy estate. So there is another reason that the stay applies. Bankruptcy courts have wide discretion as to whether to grant a motion for relief from stay. As you know, cause is not defined in a bankruptcy code and case law is well settled in this district and other districts that the bankruptcy court takes this on a case-by-case basis based on the circumstances of each case. And the question really here is, did the bankruptcy court abuse her discretion by denying appellant's motion? And what did the bankruptcy court weigh? Well, she weighed all the factors in this case, including first and foremost that appellants are not prejudiced. They can and have raised the enforceability of the underlying tort action in the bad faith case. My understanding, and you can correct me if I'm wrong, but the only asset in bankruptcy is the bad faith claim, correct? That's correct, Your Honor. And the mortgage hypothetical that you raise is interesting to me because under Florida law, a lot of the Florida intermediate appellate courts, even though a bankruptcy court grants an automatic stay, doesn't necessarily mean that the foreclosure action in state court is safe, depending on who's bringing the action. Sometimes that's true because if you have co-debtors, if only one files, it doesn't mean that the foreclosure action is stayed as to all credit, all the debtors, right? I mean, it's only the particular person who filed bankruptcy. So there are instances when a foreclosure action isn't continued. But even if it is the person who files for foreclosure, I mean, the Third District Court of Appeal doesn't necessarily stay active. Oh, I have a perfect response for that one, and it pertains to the burden that they allege to. So 362G says that if you move for cause including lack of adequate protection, and lack of adequate protection is like a bankruptcy parlance for the debtor has no equity.  Then the odds are that it will be foreclosed upon. Because there's nothing to reorganize, there's nothing for the debtor, and there's no rights for the debtor, in other words. So under G, the burden is placed upon the movement to show that the debtor has no equity, in other words. So typically in a bankruptcy motion for relief evidentiary hearing, it really is whether an appraiser, an expert in appraisal, would typically come and opine as to the value of the property, and whether the debtor has any equity. So that is a burden specifically placed on the movement. And appellants have cited that particular statute and said, well, since there is no equity involved here, we have no burden whatsoever. All we have to do is just file this motion, and we don't have to show cause. Well, that's not the well-settled law in this district and other circuits. The well-settled law is that you still have to show cause. And of course, like I mentioned, cause is not defined in a bankruptcy code, and it's up to the case-by-case and circumstantial evidence of, you know, everything in an individual case. So the point is that the bankruptcy court considered the fact that the appellants were not going to be prejudiced whatsoever. There is no due process violation. They've raised every conceivable defense that they can in a bad-faith action. And my understanding, Your Honor, is that these things are still pending in the bad-faith action. Okay, but I guess the point that State Farm would say is, okay, we do have these declaratory judgments. We can defend ourselves against the judgment in the bad-faith action. But there's another defense out there, one that's been raised and that may have been foreclosed by a recent ruling. I guess we'll find out. We can also challenge the validity of the underlying judgment, and here we're being deprived of a significant defense. Yes, we still have one defense left in the bad-faith action, but this ruling of the bankruptcy court is not allowing us to challenge the validity of the underlying judgment, right? No, I believe that is incorrect. My understanding is that they specifically raised that very issue in the bad-faith action. But that's different than being able to go to Hillsborough County under the existing case where the final judgment, the final default judgment was entered. That is the cause of this from the Fifth Amendment complaint. No, I agree that is slightly different. The Fifth Amendment is different than saying that the default judgment that was entered is voidable or void, depending on the argument that they want to make. No, I agree that that is a different procedure. So that is a, in terms of if you have a scale, that is a pebble on prejudice for State Farm. That is perhaps a pebble, but on the other hand, the effect of arguing that judgment is not enforceable as to State Farm offsets that little pebble because the bad-faith action will consider the validity of the underlying judgment because you need to have an underlying judgment. I understand what the law is in Florida. In order to get a bad-faith case, you still have to have a judgment. But now they have a judgment. True, but then you can say the judgment. And they're being barred from litigating and appealing that judgment that was entered years after, which I don't even understand how that was allowed to proceed that way. My understanding is that they have an affidavit from somebody that actually said that it was approved by the court. And so that actually was filed in the pending State Farm. But it's sort of interesting to me because normally, after a certain amount of time, cases are dismissed for lack of prosecution. My understanding is that the actual judge had authorized that amended complaint. And they do have an affidavit filed in the bad-faith action that addresses this very issue that they're trying to raise in the underlying tort action. Can I ask you a quick question about due process or fundamental fairness or whatever? Let's assume that, for one reason or another, either because there has been a recent ruling in the state court, the Hillsborough County action that says you can't even defend against bad faith on the ground that this judgment is void. Let's just assume that that happens. So they can't raise it in state court. The sort of, to my eye anyway, the plain language of the stay provision prevents them from trying to, like, do it, to get out from underneath the stay in bankruptcy court. So they're kind of stuck. Let's just assume that situation. Where does the due process violation reside? Why does it necessarily reside? Why is it that the stay provision gives rise to a due process violation as opposed to the Hillsborough County Court's decision precluding them from defending on the basis that the judgment is void? Why doesn't that give rise to a due process violation? Why is it necessarily the case that the due process violation resides here or there? Does that make any sense at all? I think if you do make some sense, it's given me something to think about. I really do think that the due process violation would then be in the state court. It wouldn't be in the bankruptcy court. The bankruptcy court is just enforcing a statutory basis and in the bankruptcy court's discretion has decided that the factors weigh against granting that motion because they have that right also in Hillsborough County Court to raise that very action, right? To raise the due process issue. I mean, I guess I'm thinking, and I can ask opposing counsel in rebuttal, so just, like, be thinking about this. Fair warning. You know, they might say in the Hillsborough County action, assuming this standing ruling has come down, they might say, look, the bankruptcy code, which is pursuant to the Constitution, the supreme law of the land, we know we can't do it over there, but we've got to be able to do it somewhere, and so you can't preclude us from doing it here in Hillsborough County. I think that's what Judge Colton ruled, that it was her understanding and it's our understanding that all these issues about the underlying state court action judgments can and should be raised and adjudicated in the bad faith because of conceded precedent is really a judgment. But under Florida law, if they don't challenge the underlying judgment, then it's the same parties. It's going to be a law of the case or they're going to be an estoppel issue, a res judicata issue, so by doing the automatic stay, it precludes them from litigating their rights in the initial Hillsborough action. Well, one of the other factors considered by the bankruptcy judge is that neither party or parties to the underlying tort action. As Judge Branch noted . . . I'm very confused when you talk about . . . The underlying . . . Neither parties, I mean, can you be more specific? Okay, so State Farm is no longer . . . Had left the underlying tort action. They left it because they got a deck judgment in their favor, saying that they did not have a duty to indemnify or to defend. That's correct. Because the policy didn't cover the actions of the mother. That's correct, and we could not . . . Normally, that's considered a full victory for an insurance company. Well, I'm sure they thought so,  and now they're trying to intervene, but the appellee didn't come into existence until 2018 when the petition was filed. We're definitely not a party. The cost of litigating the two issues in two different cases is a burden on . . . an administrative burden. It's a bad faith action. That's based on what? Because normally, bad faith under Florida law is only because the insurance company had a duty to defend or insure, and they refused to tender the policy, or they refused to settle the case. They didn't have a duty to settle the case because they actually didn't have any coverage to provide. The insurance policy didn't cover the actions that the mother did on that. I'm sure that's probably something that's being litigated currently in the bad faith action. I'm sure that is a defense . . . Instead of putting the horse before the . . . They are bringing . . . It's a very strange argument. In any event, I'm sure that is something that is already currently before the bad faith state court judge. Nonetheless, the issue really here is, did the bankruptcy court abuse her discretion in denying appellant's motion for relief from stay? Under the circumstances, she did not. Her decision and the district court's judge's affirmance of her decision should also be affirmed. Thank you. Very well. Thank you very much, Ms. Lim. Mr. Dunham, you've got five minutes remaining. Sure. The court in the bad faith action did issue on December 29th an order holding that State Farm does not have standing in the context of the bad faith action to challenge the underlying judgment against game in the underlying case. Just so I understand, and I don't understand Florida procedure nearly the way that Judge Lagoa does, but did the standing order mean, and we'll have to look at it for ourselves, but did the standing order mean no frontal assault, no collateral challenge? Did it also include a bar on the ability to raise voidness as a defense to bad faith action? It appears to indicate that. What does that mean? It appears to indicate that. No, I mean, I think it does say we have no, we don't have standing to challenge that in the court, period. Okay. We'll take a look at that ourselves. Can I ask you just, I'm sorry, just a quick question. I guess because the bankruptcy court order here and the district court order here predate, I suppose, tell me if I'm not right about that, but predate the December 29 order of the Hillsborough County Court saying no standing to challenge? Yes, that's correct. Did State Farm, when the Hillsborough County Court made that decision, sort of kick and scream about due process and say, like, you can't do this to us because we have to be able to raise it somewhere, and the bankruptcy court and the district court have told us that we can't do it over there? Just curious. This goes to the question I was asking earlier about where the due process violation arises. I'm not specifically sure about that. Okay, totally fine. We'll figure it out. I'll address a number of the other points that came out. We respectfully submit the bankruptcy, sorry, bankruptcy court did cede and abuse its discretion in denying relief from the stay, in part because the court made that decision based on its assumption that the issue of the validity of the underlying judgment could be challenged in the bad faith action, which is not the case. I'd also respectfully refer the court to the Briner case, for instance, where the court, this is the appellate, bankruptcy appellate panel for the Tenth Circuit, specifically says, with respect to actions against the debtor, the distinction between offensive and defensive actions of a party which affect the debtor's estate is an appropriate one to draw in determining the applicability of the automatic stay. Now here, as I mentioned, State Farm is in a position where it is not able to challenge the validity of the underlying judgment in the bad faith action. There's a prescribed message on the method of the Florida law, and it is undisputed that the requirement of an excess judgment is a prerequisite to a bad faith action under Florida laws. This court has recognized in the Romano decision that we've cited in our brief, and therefore we, under the proper procedures in Florida, are required to go to the court that issued it to intervene and move to vacate it. I guess your contention here really then is, if you've got a fundamental due process right to challenge the underlying judgment somewhere, that I guess the stay provision of the bankruptcy code is unconstitutional as applied. It's not just unconstitutional. It's just being applied in an improper manner here because this is not a defensive action. As we're talking about it, a defensive motion is not an action against the debtor. Well, okay, so I'm so sorry, and don't worry. I'm going to give you all the time you need to make the points you want to make because I know that I'm carrying you over. But as I read the provision, I just don't see why it is that you would be focusing on the motion. We agree that State Farm is an all-entity, and then it refers to the commencement or continuation of any judicial action or proceeding against the debtor either that was or could have been commenced before the commencement of the bankruptcy case. And so it seems to me that commencement, like that might arguably be referring to a motion, but the continuation is clearly referring to something that predated, that not only could have been filed, but was filed before the bankruptcy proceeding. And so why aren't we looking, it seems to me we ought to be talking about the underlying wrongful death action. I think that, to be respectful, Your Honor, that that point you're making doesn't draw the distinction between, again, defensive and offensive. Just so I'm clear, where is that distinction in the terms of the statute? See, I think I understand that your argument makes some sense. I kind of get it. I understand why it seems a little topsy-turvy here, but I just can't find that distinction in the language of the statute. I think the continuation provision, this is a point I was going to make, and I'll make it now. I think it may answer your question. The continuation provision is really meant to cover where a plaintiff begins a lawsuit against a defendant who then declares bankruptcy. The plaintiff may not continue its lawsuit against the defendant who is the debtor, but the provision is not intended to capture the situation here where a debtor or trustee sues a defendant and the defendant takes actions to defend itself from that suit. And are you reading from a case? No.  Sorry. I mean, if there were some authoritative construction of this statute to say that, like, this is what this language was intended to capture, then I might have to wave the white flag and say, like, okay, you got me. I just, it makes some sense to me that it might be intended to operate that way, but I just can't find that in the plain language. That's what the 10th Circuit Franklin C. Appellate Panel has basically said, that you look to whether it's offensive or defensive to see if the automatic stay is triggered under the language of the statute. I respectfully refer the Court to the In re Briner case 425 FRD 605 to 606 as being one source for that. Okay, thank you. And listen, I have monopolized your time, so if you have further points you'd like to make, please feel free. Just to make the overall point that our motions seek to eliminate a condition precedent. You're not trying to take possession or control of the bankruptcy of anything, any item of the network, those that are removed from the bankruptcy estate, you're trying to defeat it and invalidate it. And if we succeed in doing that, then a condition precedent to the bankruptcy, sorry, to the bad faith action against State Farm would be defeated, and the bad faith action would be over. We're precluded from doing that from defending ourselves in the manner prescribed by Florida law, which is going down to the underlying court to make a motion to intervene and vacate that judgment. Florida law is such that if that motion to intervene or vacate is denied, we have an automatic right to appeal immediately. That's how much it's valued. And we could not have done that until the bad faith suit was filed after the bankruptcy was begun. And from the standpoint of this game, if we succeed in getting rid of the underlying judgment against her, we will not owe that debt, and the involuntary bankruptcy as to her will be terminated. So I respectfully request the court, if you would, if you don't have that order, we can send it to you. I'd be glad to do that as soon as we can. I'll tell you what. We'll go try to find it ourselves, and if we either can't or want supplemental briefing from the parties, we'll issue an order to that effect. Is that okay? Good. I'd also respectfully refer the court to the cases from the Seventh Circuit, the Ninth Circuit, the Merrick decision, the other circuit courts that we have cited. I think it's in the second point of our brief on the ability of the defendant to defend itself and how the stay really should not be imposed, should not be, stay statute should not be read to preclude a defendant from defending itself against an action brought by a bankruptcy trustee or a debtor. Both as a matter of general principle of fairness and as a matter of due process. Very good. Thank you both so much. Thanks for tolerating all of our questions. That case is submitted, and the court will be in recess until tomorrow morning at 9 a.m. Thank you.